ADRON P. BRAINERD, Plaintiff-Appellant, *v.* DONALD S. FLANNERY, Defendant-Appellee.

Second District    No. 76-490

Opinion filed January 13, 1978.

Adron P. Brainerd, of Libertyville, for appellant, *pro se.*

Robert M. Bollman and Louis Brydges, both of Diver, Brydges, Bollman, Grach & Riseborough, and Kathleen Swett and James J. Hermann, both of Hall, Meyer, Fisher, Holmberg & Snook, both of Waukegan, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is the third suit involving the same set of facts which allegedly arose in the year 1967. In *Brainerd v. First Lake County National Bank*

(1969), 109 Ill. App. 2d 251, 248 N.E.2d 542, the plaintiff sued the bank pertaining to payment by the bank of a $3100 cashier's check. The plaintiff, Brainerd, obtained a cashier's check from the defendant bank in that sum, went to the State of Texas and delivered the check to an airplane company after endorsing it to its order. Upon his return to Illinois he called the bank and asked that payment be stopped on the same. This was done but it was then determined by the bank that, legally, it was obligated to honor the cashier's check endorsed by Brainerd to the airplane company, which they proceeded to do. As a result of this action Brainerd brought the first action in the circuit court of Lake County, the same was appealed to this court in 1969 and the order of the trial court dismissing the complaint was affirmed.

In 1970 Brainerd brought another suit against the First Lake County National Bank of Libertyville involving the same factual circumstances. This complaint was filed in April 1970. Upon motion of the defendant bank the trial court entered an order finding that the matter had been adjudicated in an earlier proceeding between the same parties and dismissed the complaint with prejudice. In July 1970 the plaintiff then filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72), seeking to vacate the judgment entered in the earlier 1969 proceeding. The trial court denied his petition to rehear, reconsider or vacate the 1969 proceedings, the plaintiff appealed and the two appeals were consolidated in this court as is found in *Brainerd v. First Lake County National Bank* (1971), 1 Ill. App. 3d 780, 275 N.E.2d 468. In that case this court found that plaintiff's amended petition, purportedly brought under section 72, completely failed to set forth facts constituting grounds for relief under that section and that it was properly denied by the trial court. As to the other portion of that suit, this court held that there was an adjudication upon the merits in the earlier case (109 Ill. App. 2d 251), and that the same was a bar to a future suit by the plaintiff against the same defendants arising out of the same transaction.

The only difference between the two prior suits, which we have held were properly dismissed, and this one is that the plaintiff has now brought this proceeding against one member of the board of directors of the bank who is an attorney, to-wit: the defendant Donald S. Flannery. The pleadings and documents filed, *pro se,* by the plaintiff are difficult to follow, inappropriate in some instances, and it is to be noted that a portion of the pleadings were stricken from the record by the trial court as being scurrilous. In any event, the instant cause finally came on for determination upon the plaintiff's five count amended complaint. The plaintiff's motion for judgment on the pleadings was denied. The defendant's motion to strike and dismiss the amended complaint in toto was granted. A subsequent motion to vacate the order dismissing the complaint made by the plaintiff was denied. The plaintiff appeals from

the order dismissing the complaint, entered April 1, 1976, and the order denying his motion to vacate the order of dismissal, entered July 22, 1976. He also appeals from an order denying "plaintiff's motion for findings of fact and conclusions of law relative to above order," referring to the order of dismissal of April 1, 1976. We will not consider this last issue as the same is merely an attempt by the plaintiff to have the court explain the reasons for his order of dismissal and we find the same to be completely without merit. As we have indicated, this is the third appeal involving the same issues and the only additional matter contained in the instant cause is the contention that Flannery, as an attorney, advised the bank that the cashier's check in question should be paid to the party to whom it was endorsed by the plaintiff Brainerd. While it is difficult to ascertain the reasoning of the plaintiff herein in the instant case, the plaintiff has raised a number of other issues, consideration of each one not being necessary for our decision herein.

The basic premise of the plaintiff in the instant action is that the attorney in question, the defendant, advised the bank as to its course of action and that this was fraudulently concealed from the plaintiff herein. On this basis the plaintiff contends that the 10-year statute of limitations (Ill. Rev. Stat. 1975, ch. 83, par. 17), applies. The instant lawsuit was filed 8 years after the occurrence in question and the apparent basis for the cause of action of the plaintiff is tortious inducement of breach of contract. As the defendant properly points out, this is an action in tort and this is so recognized by the *pro se* pleadings of the plaintiff himself.

The defendant herein contends that the instant lawsuit is barred under the statutes of limitations of Illinois. This issue was raised in the trial court by the defendant. The trial judge, in dismissing the action, did not state the basis for the dismissal in his order of April 1, 1976. Upon the filing of the aforementioned "request for findings of fact and conclusions of law and production of report of proceedings" by the plaintiff, the trial court, on April 22, conducted a hearing from which it may be inferred that he found that the issues in the instant case were *res judicata* because of the two prior cases mentioned herein. At that time the court further ordered that the plaintiff could not file a second amended complaint and found no reason to delay the appeal. On May 13, 1976, the plaintiff moved to vacate the order of April 1, 1976, and on July 22, 1976, the trial court found that in addition to the plaintiff being unable to state a good cause of action that the plaintiff was barred by the statute of limitations. It is not necessary for us in this opinion to determine whether or not the cause was *res judicata* as the issue of the statute of limitations properly pleaded by the defendant herein is determinative of the disposition of this case.

■■ At the outset it is to be noted, as indicated above, that the action

herein is apparently a tortious action based upon the inducement of a breach of contract. There is obviously no contract between the defendant herein and the plaintiff, and were we to consider the bank account of the plaintiff with the bank to be a contract we then reach the issue as to whether or not plaintiff's action for the alleged tortious conduct on the part of the attorney/director for the bank is barred by the statute of limitations. Apparently the plaintiff contends that his cause of action is preserved under the provisions of section 22 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 23). That provision provides:

"If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards."

The requirements which must be met in order to preserve a cause of action under this section were recently stated in *Wilson v. LeFevour* (1974), 22 Ill. App. 3d 608, 609-10, 317 N.E.2d 772, 773:

"A party seeking to avail himself of section 22 of the Limitations Act must allege facts that affirmatively show fraudulent concealment of the cause of action by the defendant which prevented the plaintiff from discovering that she had a cause of action. [Citation.] To substantiate such an allegation, a plaintiff must prove that the defendant made representations which were known by him to be false, that they were made to deceive the plaintiff, and that the plaintiff believed the representations and relied upon them to his damage or injury. [Citation.]"

Further, as was stated in *Bush v. Continental Casualty Co*. (1969), 116 Ill. App. 2d 94, 100, 253 N.E.2d 619, 622:

" * * * This rule that the Statute of Limitations begins to run only from the discovery of the cause of action, does not apply when the party affected by the fraud might with ordinary diligence have discovered it."

The *Bush* case goes on to point out that mere silence by a person allegedly liable does not amount to fraudulent concealment and that the concealment must consist of affirmative acts or representations.

An examination of plaintiff's amended complaint herein reveals that he has utterly failed to meet the requirements imposed by section 22 of the Limitations Act. There are no allegations concerning any representations made to plaintiff; neither is there any allegation of reliance upon such allegations. We find nothing else alleged which would amount to an affirmative act of concealment by the defendant herein of plaintiff's cause of action. Likewise, there is nothing in plaintiff's amended complaint to

indicate why, if he had acted with ordinary diligence, he failed to discover the connection of the defendant herein to the factual situation which forms the basis of his complaint. This is especially so in view of the fact that the plaintiff has twice sued the bank over these same matters.

■■ The instant cause of action is barred by the provisions of section 15 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 16), which provides that all civil actions not otherwise provided for shall be commenced within 5 years next after the cause of action accrued. We do not find that the plaintiff herein has stated a cause of action under the provisions of section 22 of the Limitations Act which would allow him 5 years from the discovery of the alleged cause of action. He has neither stated any facts that would so indicate and, from our examination of the record, we find none.

We therefore find that the order of the trial court finding that the instant suit is barred by a statute of limitations hereinabove set forth is correct. As we have indicated, in view of this ruling it is not necessary to pass upon the other allegations of the plaintiff in this appeal.

■■ We are also faced here with the issue, raised on cross-appeal, of whether the trial court erred in denying the defendant's motion for expenses and attorney's fees made pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41). While the plaintiff's allegations are insufficient and beyond the applicable statute of limitations, it must be established by the defendant here that those allegations were not made with reasonable cause and were untrue. The application of section 41 is within the discretion of the trial court. (See *Dudanas v. Plate* (1976), 44 Ill. App. 3d 901, 358 N.E.2d 1171; *Village of Evergreen Park v. Spangler* (1976), 40 Ill. App. 3d 947, 353 N.E.2d 257.) We have thoroughly examined the record and cannot find that the trial court abused its discretion regarding section 41, especially since the defendant failed to establish the untruth of the plaintiff's allegations. The ruling of the trial court denying the defendant's motion for expenses and fees is correct.

For the foregoing reasons the orders of the trial court dismissing the plaintiff's amended complaint and denying the defendant's motion for expenses and fees are hereby affirmed.

Affirmed.

RECHENMACHER and WOODWARD, JJ., concur.