JUANITA HENON, Plaintiff-Appellant, *v.* LEVER BROTHERS COMPANY, Defendant-Appellee.

First District (4th Division)   No. 82—1001

Opinions filed May 5, 1983.

Michael D. Gerstein, of Chicago (William J. O'Connor, of counsel), for appellant.

Robert E. Maciorowski and Julie O'Connor, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Juanita Henon, appeals an order of the trial court dismissing count II of her amended complaint which alleged retaliatory discharge.

We reverse and remand.

On December 5, 1979, plaintiff filed a complaint against defendant, Lever Brothers Company, under section 8.01(a) of the Fair Employment Practices Act (Ill. Rev. Stat. 1977, ch. 48, par. 858.01(a)). Plaintiff alleged that in 1975 she sustained a back injury while employed by defendant. Although her injury prevented her from lifting heavy objects, defendant assigned her to jobs which required heavy lifting. Defendant assigned light duties to its white employees with similar injuries. Plaintiff claimed that she was wrongfully terminated on January 7, 1977. She prayed for lost wages and benefits and compensatory damages of $15,000.

On December 30, 1981, plaintiff amended her complaint to add count II in which she alleged that defendant violated section 4(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.4(h)) by wrongfully terminating her rights under that act. Defendant answered count II, claiming that it failed to state a cause of action and was barred by the statute of limitations. The trial court ruled that count II stated a cause of action but was barred by the statute of limitations. Plaintiff appeals.

In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, the Illinois Supreme Court recognized a civil cause of action for retal-

iatory discharge by an employee who exercised his rights under the Workmen's Compensation Act. The sole issue to be decided here is the appropriate limitations period for a cause of action for retaliatory discharge.

Section 14 of the Limitations Act provides that "[a]ctions for damages for an injury to the person *** or for a statutory penalty *** shall be commenced within two years next after the cause of action accrued." (Ill. Rev. Stat. 1975, ch. 83, par. 15.) Section 15 of the Limitations Act provides that "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." Ill. Rev. Stat. 1975, ch. 83, par. 16.

The trial court ruled that a two-year limitation period applied to plaintiff's cause of action for retaliatory discharge. Presumably it considered the cause of action to be one for a statutory penalty. Section 4(h) of the Workmen's Compensation Act makes it unlawful for an employer to discharge an employee because of the exercise of rights or remedies granted by the Act. (Ill. Rev. Stat. 1975, ch. 48, par. 138.4(h).) Defendant contends that this statute is a statutory penalty and cites the proposition that if an individual is subjected to civil liability for the violation of a regulatory statute for the general protection of the public such liability is penal in character and barred by the two-year statute of limitations. *Daly v. Columbia Broadcasting System, Inc.* (7th Cir. 1962), 309 F.2d 83, 86.

In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 185, 384 N.E.2d 353, 358-59, our supreme court stated the following:

> "[R]etaliatory discharge is offensive to the public policy of this State as stated in the Workmen's Compensation Act. This policy can only be effectively implemented and enforced by allowing a civil remedy for damages, distinct from any criminal sanctions which may be imposed on employers for violating the Act after 1975. The imposition of a small fine, enuring to the benefit of the State, does nothing to alleviate the plight of those employees who are threatened with retaliation and forgo their rights, or those who lose their jobs when they proceed to file claims under the Act. It is conceivable, moreover, that some employers would risk the threat of criminal sanction in order to escape their responsibility under the Act. Further, the fact that an act is penal in nature does not bar a civil remedy, and where a statute is enacted for the benefit of a particular class of individuals a violation of its terms may result in civil as well as criminal liability, even though the former remedy is not specifically mentioned."

■ In our opinion, plaintiff's cause of action is not an action for a statutory penalty because she does not seek the imposition of a fine but compensation for her wrongful discharge. (See *McDonald's Corp. v. Levine* (1982), 108 Ill. App. 3d 732, 439 N.E.2d 475.) Plaintiff's cause of action is governed by section 15 of the Limitations Act which provides a five-year limitation period for "all civil actions not otherwise provided for." Ill. Rev. Stat. 1975, ch. 83, par. 16.

Defendant also argues that under *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876, retaliatory discharge is a tort for which the two-year limitation period applies. Although in that case our supreme court did describe retaliatory discharge as a tort, it is a tort arising out of a contractual relationship. In *Del Bianco v. American Motorists Insurance Co.* (1979), 73 Ill. App. 3d 743, 392 N.E.2d 120, the appellate court applied a five-year limitation period to a tort arising out of a contractual obligation.

■ Plaintiff's cause of action accrued on January 7, 1977, and she amended her complaint to allege retaliatory discharge on December 30, 1981. This amendment was within the five-year limitation period. Therefore, we hold that the trial court erred in dismissing count II of plaintiff's amended complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded.

*Reversed and remanded.*

ROMITI, P.J., and LINN, J., concur.