ELMER L. SLOAN, Plaintiff-Appellant, v. JASPER COUNTY COMMU-
NITY UNIT SCHOOL DISTRICT NO. 1, Defendant-Appellee.

Fifth District   No. 5—87—0145

Opinion filed April 15, 1988.

Leahy Law Offices, of Springfield (Cheryl R. Jansen and Mary Lee Leahy, of counsel), for appellant.

James F. Jarrett, of Schniederjon, Weber & Jarrett, of Effingham, for appellee.

- PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Elmer L. Sloan, was employed as a custodian by defendant, Jasper County Community Unit School District No. 1. He was injured on the job during the 1980-81 school year. After plaintiff filed a workers' compensation claim, defendant refused to renew his contract for the following year. Plaintiff responded by filing a two-count complaint against defendant in the circuit court of Jasper County. Count I asserted a State law claim for retaliatory discharge. Count II sought recovery pursuant to 42 U.S.C.A. §1983 (West 1981) on the ground that defendant had deprived plaintiff of his rights under the fourteenth amendment to the United States Constitution. The circuit court sustained objections to certain of plaintiff's document requests, struck certain allegations from plaintiff's amended complaint, and then granted summary judgment for defendant. Plaintiff now appeals. We reverse and remand.

Under authority of Supreme Court Rule 214 (107 Ill. 2d R. 214) plaintiff made a written request to defendant to produce documents relating to other employees who had filed workers' compensation claims against it between 1975 and the date of the request. Defendant objected to this request, and its objection was sustained. Plaintiff subsequently submitted a more detailed document request covering the same time period, which concerned not only employees who had filed compensation claims, but also employees with work-related injuries who had used vacation days, personal leave or "sick time" instead of seeking workers' compensation benefits. This second request elicited further objection from defendant, and once again the objection was sustained.

■ On appeal, plaintiff first argues that the circuit court erred

when it restricted plaintiff's discovery in this way. We agree. Through his complaint plaintiff seeks to establish, *inter alia*, that defendant's decision not to renew his contract was made pursuant to an ongoing and unlawful pattern or practice of discharging injured employees who file for workers' compensation benefits, while retaining injured employees who do not. The documents sought by plaintiff in the foregoing requests are relevant to this issue. Plaintiff's requests are limited only to a period beginning approximately five years prior to his termination and extending up to the date on which the requests were submitted, a reasonable period of time. We do not believe that the description of the requested documents is so inadequate as to leave defendant with any real uncertainty as to what is and what is not included. (See *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 356, 221 N.E.2d 410, 415.) Moreover, none of the documents requested is claimed to be privileged from disclosure.

In denying plaintiff's discovery requests, the trial court expressed concern that the nonparty employees whose records are being sought "have some reasonable right to expect confidentiality in their personnel files" and that this confidentiality would be breached if disclosure of the requested documents were permitted. This is not a trivial consideration. Nevertheless, we do not believe that the solution is to bar plaintiff absolutely from access to materials relevant to his claim. Pursuant to Supreme Court Rule 201(c)(1) (107 Ill. 2d R. 201(c)(1)), the trial court could have issued an appropriate protective order to prevent the identity of the employees in question or confidential information about them from being disseminated to the public, yet still have permitted plaintiff the full disclosure to which he is entitled. Under all of the circumstances present here, we must therefore conclude that the trial court abused its discretion when it sustained defendant's objections to plaintiff's document requests.

■ Plaintiff next argues that the circuit court also erred when it struck from each count of his amended complaint allegations regarding the type of damages he had sustained. Those allegations, contained in amended paragraph 26 of count I and amended paragraph 17 of count II of plaintiff's second amended complaint, indicated that defendant's decision not to renew plaintiff's contract had caused plaintiff to suffer not only loss of income and employment, but also "stress, pain, suffering, embarrassment and humiliation." Defendant contends, and the trial court believed, that such "emotional distress" is really an element of the separate tort of "intentional infliction of emotional distress" which should have been pleaded in a separate count.

We cannot accept this view. Pain, suffering, embarrassment and humiliation are simply among the elements of damage plaintiff claims to have suffered as a result of the retaliatory discharge and violation of his constitutional rights. Plaintiff does not purport to assert that defendant has committed the independent tort of intentional infliction of emotional distress. The United States Supreme Court has clearly held that the compensatory damages available in section 1983 actions include not only out-of-pocket loss and other monetary harms, but also injuries such as impairment of reputation, personal humiliation, and mental anguish, suffering and distress. (*Memphis Community School District v. Stachura* (1986), 477 U.S. 299, 91 L. Ed. 2d 249, 259, 106 S. Ct. 245.) In addition, we note that retaliatory discharge, like an action brought pursuant to 42 U.S.C.A. section 1983 (West 1981), is a species of tort. (See *Johnson v. World Color Press, Inc.* (1986), 147 Ill. App. 3d 746, 748, 498 N.E.2d 575, 576.) Although we have found no authority on point, we know of no reason why the type of damages available in retaliatory discharge cases should be more limited than those available in any other tort actions. There can be no serious question that the damages sought by plaintiff here could be recovered under Illinois law in such actions. Accordingly, the trial court should not have stricken the allegations as to such damages from plaintiff's complaint.

■■ Finally, plaintiff asserts that the trial court erred in granting summary judgment in favor of defendant. Again we agree. The purpose of summary judgment is not to try an issue of fact, but to determine whether a triable issue of fact exists. (*Holtz v. Amax Zinc Co.* (1988), 165 Ill. App. 3d 578, 582, 519 N.E.2d 54, 57.) It should be granted with caution so that the right to trial on conflicting facts and inferences is not usurped. Only when the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law should summary judgment be awarded. 165 Ill. App. 3d at 582, 519 N.E.2d at 57.

■ In this case, plaintiff's ability to establish the existence of a genuine issue of material fact was severely handicapped by the restrictions imposed by the trial court on plaintiff's discovery efforts. In light of our conclusion that the trial court's actions in this regard constituted an abuse of discretion, summary judgment cannot be allowed to stand. Moreover, what evidence was adduced is scarcely conclusive as to the merits of plaintiff's claims. Defendant is correct that there is no evidence which unequivocally establishes that defendant's decision not to renew plaintiff's contract was made in retaliation for

plaintiff's decision to file a workers' compensation claim. The record does not, however, preclude this possibility.

The decision not to renew plaintiff's contract was clearly not made until after he had filed his workers' compensation claim. What evidence exists suggests that defendant had a policy of having injured employees use sick time instead of exercising their statutory right to workers' compensation benefits and that plaintiff's supervisor appeared to be angry when plaintiff advised him that he had filed his compensation claim. When plaintiff inquired as to the reason for the decision not to renew his contract, the principal of the school where he worked and his supervisor indicated that plaintiff had not helped his co-workers, did not get along with them, and had damaged the school parking lot with a pogo stick. Plaintiff denies the truth of these claims and testified at his deposition that no one had ever spoken with him about them before the decision was made not to renew his contract. If plaintiff was, in fact, behaving in an unacceptable manner, his contract, by its terms, could have been revoked on 30 days' notice. The contract was not so revoked, and plaintiff apparently was not even disciplined. Plaintiff appeared before the school board on two different occasions, but claims he was unable to get an explanation for what was happening to him. Plaintiff's position was not eliminated. All of the other custodians employed by defendant had their contracts renewed for the following school year, and someone else was hired to take plaintiff's place.

At a minimum we believe that reasonable men could draw different inferences from these facts as to whether plaintiff's employment was terminated because of his job performance, as defendant suggests, or because he filed a workers' compensation claim, as plaintiff alleges in his complaint. A genuine issue of material fact must therefore be deemed to exist. (See *Williams v. Alfred N. Koplin & Co.* (1983), 114 Ill. App. 3d 482, 487, 448 N.E.2d 1042, 1047; *Larsen v. Vic Tanny International* (1984), 130 Ill. App. 3d 574, 577, 474 N.E.2d 729, 732.) Summary judgment should not have been entered.

For the foregoing reasons, the order of the circuit court of Jasper County granting summary judgment in favor of defendant and against plaintiff is reversed, and plaintiff's cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LEWIS and CALVO, JJ., concur.