Richard BERGHOFF, Plaintiff,

v.

R.J. FRISBY MANUFACTURING CO., A DIVISION OF WESTERN CAPITAL CORPORATION, Defendant.

No. 88 C 7580.

United States District Court, N.D. Illinois, E.D.

Aug. 17, 1989.

**650**

Thomas Burke, Querrey & Harrow Ltd., Chicago, Ill., for plaintiff.

Rody P. Biggert, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

### I. INTRODUCTION

The plaintiff, Richard Berghoff, has brought this diversity action against the defendant, R.J. Frisby Manufacturing Co., alleging that the defendant discharged him in retaliation for his efforts to enforce rights available to him under the Illinois Workers' Compensation Act. The defen-

dant filed a motion to dismiss on the sole ground that the plaintiff's case was time-barred under Illinois' two-year statute of limitations for personal injuries. *See* Ill. Ann.Stat. ch. 110, para. 13–202 (Smith–Hurd 1987). The plaintiff, on the other hand, asserts that Illinois' five-year statute of limitations for "all civil actions not otherwise provided for" applies. *See id.* para. 13–205. For the following reasons, the court holds that the plaintiff's retaliatory discharge claim is governed by the five-year statute of limitations and, therefore, denies the defendant's motion to dismiss.

### II. FACTS

For purposes of a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and must draw all reasonable inferences in the light most favorable to the plaintiff. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981). A complaint should not be dismissed for failure to state a claim unless it is beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The court, however, need not accept as true legal conclusions or opinions that are couched as factual allegations. *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Accordingly, the facts of this case, as alleged in the plaintiff's complaint, are as follows.

From February to August 1983, the plaintiff was an employee of the defendant. In early May 1983, the plaintiff suffered a severe injury to his back while lifting heavy objects at work. The plaintiff informed the defendant of his injury, and the defendant referred him to medical treatment. The plaintiff also sought advice from his own physician and received treatment from May to July. During this time the plaintiff worked when physically able to do so.

In June 1983, the plaintiff informed Dick Bron,[1] the defendant's personnel manager,

---

**1.** In its answer the defendant implies that "Bron" in an incorrect spelling. *See* Answer at 3.

that he contemplated filing a workmen's compensation claim because he was dissatisfied with the manner in which the defendant was handling his injury. After this, Bron repeatedly pressured and harassed the plaintiff in an effort to force him to drop his claim.

On July 27, the plaintiff reinjured his back and was hospitalized for three days. On August 2, the plaintiff's wife called the defendant and told Bron that the plaintiff would be unable to work for at least another week. On August 9, the plaintiff's physician contacted Martin Boyer Co., the defendant's authorized representative for the adjustment of worker's compensation claims, and informed Boyer that the plaintiff would be unable to work for at least another week. Finally, on August 15 the plaintiff received a letter from the defendant advising him that he had been terminated for failing to report to his employer that he was absent.

On August 10, 1988, the plaintiff filed this suit in the Circuit Court of Cook County—four years and 360 days after he had been terminated—and on August 31 the defendant removed the case to federal court. The plaintiff claims that the defendant discharged him in retaliation for exercising his rights under the Illinois Workers' Compensation Act, in violation of Illinois public policy. The defendant then filed this motion to dismiss for failure to file within the appropriate limitations period.

## III. ANALYSIS

### A. Determining State Law

The sole issue presented by this motion is which limitations period governs an action for retaliatory discharge—or, more specifically, whether section 13–202's two-year period or section 13–205's five-year period applies. Section 13–202, which governs the limitations period for an "injury to the person," provides as follows:

Personal Injury—Penalty. *Actions for damages for an injury to the person,* or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, except damages resulting from murder or the commission of a Class X felony and the perpetrator thereof is convicted of such crime, *shall be commenced within 2 years next after the cause of action accrued* but such an action against a defendant arising from a crime committed by the defendant in whose name an escrow account was established under the "Criminal Victims' Escrow Act" shall be commenced within 2 years after the establishment of such account.

Ill.Ann.Stat. ch. 110, para. 13–202 (footnote omitted; emphasis added). Section 13–205, which provides the limitations period for, among other things, "all civil actions not otherwise provided for," is as follows:

Except as provided in Section 2–725 of the "Uniform Commercial Code", approved July 31, 1961, as amended, and Section 11–13 of "The Illinois Public Aid Code", approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and *all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.*

*Id.* para. 13–205 (footnote omitted; emphasis added).

The Illinois Supreme Court first recognized the tort of retaliatory discharge in *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1979), but neither the court nor the Illinois legislature thus far has declared the appropriate limitations period for this type of action. In fact, the only Illinois case to consider this issue is *Henon v. Lever Bros.,* 114 Ill. App.3d 608, 70 Ill.Dec. 322, 449 N.E.2d 196 (1983), a First Appellate District decision which held that section 13–205's five-year statute of limitations applies to retaliatory discharge actions. *See also Gladich v. Navistar Int'l Transp. Corp.,* 703 F.Supp. 1331, 1334 (N.D.Ill.1989) (citing *Henon* ); *Owens v. Freeman United Coal Mining,* 649 F.Supp. 1565, 1571 (S.D.Ill.1986)

(same); *Johnson v. Arnos,* 624 F.Supp. 1067, 1072 (N.D.Ill.1985) (same), *overruled in part on other grounds, Kalimara v. Illinois Dep't of Corrections,* 879 F.2d 276 (7th Cir.1989) (reversing district court's conclusion that section 13–205's five-year period applies to actions under 42 U.S.C. § 1983; section 13–202's two-year period applies). The court in *Henon* reasoned that a retaliatory discharge suit was not an action for a "statutory penalty" under section 13–202 and, therefore, fell under section 13–205's catchall language for "all civil actions not otherwise provided for." Furthermore, the court held that section 13–205's five-year period applied since retaliatory discharge was a tort "arising out of a contractual relationship." 114 Ill.App.3d at 611, 449 N.E.2d at 198 (*citing Del Bianco v. American Motorists Ins. Co.,* 73 Ill. App.3d 743, 749, 29 Ill.Dec. 563, 569, 392 N.E.2d 120, 126 (1979)).[2]

 The issue, then, is what weight this court should give to *Henon.* Federal courts sitting in diversity must apply the substantive law of the forum state—in this case, Illinois.[3] When the forum state's highest court has not spoken on a state-law issue, a federal district court should follow an intermediate appellate court's ruling on the issue unless there is "good reason to believe that the state's highest court would reject" it. *Phelps v. Sherwood Med. Indus.,* 836 F.2d 296, 306 (7th Cir.1987); *see Peeler v. Village of Kingston Mines,* 862 F.2d 135, 137 (7th Cir.1988). Accordingly, unless there are "other persuasive data that the [Illinois Supreme Court] would decide otherwise," this court must treat *Henon,* the only Illinois decision on the subject, as authoritative. *Hicks ex rel. Feiock v. Feiock,* 485 U.S. 624, 108 S.Ct. 1423, 1428 n. 3, 99 L.Ed.2d 721 (1988) (*quoting*

*West v. American Tel. & Tel. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940)).

This court concludes that the defendant here has not provided any "persuasive data" that the Illinois Supreme Court would reject *Henon*'s conclusion and instead apply section 13–202's two-year limitations period to retaliatory discharge actions. As the following sections demonstrate, section 13–202 is inappropriate for retaliatory discharge actions because Illinois courts have limited the reach of section 13–202 to direct physical injuries; furthermore, section 13–205 is appropriate in this case because retaliatory discharge is a tort arising out of a contractual relationship, and such torts are governed by the five-year statute of limitations.

### B. Direct Physical Injury Under Section 13–202

 Illinois courts uniformly have interpreted the phrase "injury to the person" in section 13–202 as applying only to direct physical injuries:

Applying the familiar principle that the statute does not bar a cause of action unless it comes clearly within its provisions, we are of the opinion that the section relied upon [the precursor to section 13–202] is not broad enough to include the present case. The cause of action for an injury to the person which is barred in two years *is limited to a direct physical injury to the person.*

*Bassett v. Bassett,* 20 Ill.App. 543, 548 (1886) (emphasis added); *see, e.g., Mitchell v. White Motor Co.,* 58 Ill.2d 159, 162–63, 317 N.E.2d 505, 506 (1974) (loss of consortium not direct physical injury and, therefore, falls under residual clause of section 13–205);[4] *Neikirk v. Central Ill. Light*

---

**2.** The court never discussed whether retaliatory discharge was an "injury to the person," since the trial court's ruling apparently was limited to whether the action was for a statutory penalty.

**3.** Both sides agree that Illinois law applies here.

**4.** Three years later *Mitchell*'s specific holding, but not its reasoning, was overruled when the Illinois legislature enacted the predecessor to section 13–203, which provides that an action for loss of consortium, or other injury deriving

from an injury to another person, must be commenced "within the same period of time as actions for damages for injury to such other person." This legislative action, however, far from rejecting *Mitchell*'s reasoning, "betokens continued acquiescence in the Illinois courts' general construction of 'injury to the person' as used in Section 13–202, just as it reflects a specific legislative choice to change that rule for the specific kind of action at issue in *Mitchell.*" *Shorters v. City of Chicago,* 617 F.Supp. 661, 665

*Co.,* 128 Ill.App.3d 1069, 1072, 84 Ill.Dec. 261, 262–63, 471 N.E.2d 1027, 1028–29 (1984); *Jones v. Siesennop,* 55 Ill.App.3d 1037, 1040, 13 Ill.Dec. 800, 803, 371 N.E.2d 892, 895 (1977); *Schreiber v. Eastern Airlines, Inc.,* 38 Ill.App.3d 556, 558, 348 N.E.2d 218, 220 (1976); *Doerr v. Villate,* 74 Ill.App.2d 332, 337–38, 220 N.E.2d 767, 770 (1966) (woman's malpractice action against medical doctor who failed to sterilize her husband based on breach of contract and, therefore, falls under section 13–205); *Shedd v. Patterson,* 230 Ill.App. 553, 556–57 (1923) (malicious prosecution), *aff'd,* 312 Ill. 371, 144 N.E. 5 (1924); *Denslow v. Hutchinson,* 152 Ill.App. 502 (1910); *see also Gladich,* 703 F.Supp. at 1334; *Johnson,* 624 F.Supp. at 1071–73; *Shorters v. City of Chicago,* 617 F.Supp. 661, 664–65 (N.D.Ill.1985), *overruled in part on other grounds, Kalimara,* 879 F.2d at 277 (reversing district court's decision that section 13–205's five-year period applied to § 1983 actions; two-year period of section 13–202 applied instead); *Hockett v. American Airlines, Inc.,* 357 F.Supp. 1343, 1344–45 (N.D. Ill.1973); *cf. Jarvis v. Stone,* 517 F.Supp. 1173, 1176 (N.D.Ill.1981) (interpreting same language ("injury to the person") in survival act); *Mattyasovszky v. West Towns Bus Co.,* 21 Ill.App.3d 46, 54, 313 N.E.2d 496, 502 (1974) (same), *aff'd,* 61 Ill.2d 31, 330 N.E.2d 509 (1975). *But cf. Anton v. Lehpamer,* 787 F.2d 1141, 1142 (7th Cir.1986) (applying § 13–202 to all § 1983 actions, despite lack of physical injury).

In part, these courts reason that since torts such as false imprisonment and malicious prosecution are listed separately in the same statute, they are not encompassed by the phrase "injury to the person":

> If [the phrase] were intended to include all injuries to personal and relative rights, the legislature would not have considered it necessary in the same act to provide specially for a period of time in which an action should be brought for many of the injuries to such rights. Thus actions to recover damages for

slander and libel, false imprisonment, malicious prosecution, abduction, seduction and criminal conversation, are expressly provided for, *showing the clear intent of the legislature to limit "injuries to the person" to those of a physical nature.*

*Bassett,* 20 Ill.App. at 548 (emphasis added). Accordingly, tort claims for injuries to intangible rights, if not specifically mentioned in section 13–202 or in another statute, fall within section 13–205's residuary language of "all civil actions not otherwise provided for" and, therefore, are governed by a five-year statute of limitations. *Gladich,* 703 F.Supp. at 1334 (citing *Henon* ); *Johnson,* 624 F.Supp. at 1072 (citing *Henon* ); *see, e.g., Rozny v. Marnul,* 43 Ill.2d 54, 250 N.E.2d 656 (1969) (tortious misrepresentation); *Bates v. Bates Machinery Co.,* 230 Ill. 619, 82 N.E. 911 (1907) (fraud and deceit); *Dolce v. Gamberdino,* 60 Ill. App.3d 124, 17 Ill.Dec. 274, 376 N.E.2d 273 (1978) (attorney malpractice).

For example, in *Bassett* a wife brought a claim against her father-in-law for allegedly enticing her husband from her. The court rejected the defendant's argument that the action fell under the precursor to section 13–202 and limited the reach of section 13–202 to direct physical injuries. The court then concluded that the five-year period of limitations under the forerunner to section 13–205 applied to the action because it was a "civil action not otherwise provided for." 20 Ill.App. at 548.

In addition, the Illinois Supreme Court in *Mitchell* subsequently followed *Bassett* 's reasoning in holding that a claim for loss of consortium was not an "injury to the person" within the meaning of section 13–202, since no direct physical injury was involved:

> [O]ur appellate courts have held that this language in our limitation statute applies only to direct personal injury to the plaintiff. Our legislature has long acquiesced in this interpretation of this language.... We think that it is the na-

ture of plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply. *Where, as here, plaintiff has suffered no physical or mental injury, the two-year statute is inapplicable.* Mitchell, 58 Ill.2d at 162, 317 N.E.2d at 507.[5]

■ In this case, the plaintiff is not suing for direct physical injuries. Instead, he is claiming that he lost his employment for reasons that violate public policy. The defendant's alleged actions did not directly invade the plaintiff's physical being; nor is the injury physical in nature. And while some of the damages the plaintiff is claiming are identical to those recovered in physical-injury actions (for example, pain and suffering), these damages are only incidental to the intangible injury that allegedly occurred here. *See, e.g., Gladich,* 703 F.Supp. at 1334 (Section 13–202 "does not apply to such torts as fraud, deceit and tortious misrepresentations—torts which give rise to personal injury in a broad sense but not in the narrow sense of a direct physical injury."); *Neikirk,* 128 Ill.App.3d at 1072, 84 Ill.Dec. at 263, 471 N.E.2d at 1029 (characterizing action for damages that does not involve direct physical injury as "consequential-damages action"). Thus, given the Illinois courts' consistent interpretation of section 13–202's "injury to the person" language as being limited to direct physical injury, this court concludes that an action for retaliatory discharge, which involves a tortious invasion of an intangible right, does not fall within the scope of section 13–202 and instead should be governed by section 13–205.

### C. Section 13–205 and Torts Arising out of Contractual Relationships

■ Section 13–205's application to retaliatory discharge actions is further strengthened by the fact that its five-year limitations period has been applied to "torts arising out of contractual relationships." *See, e.g., Henon,* 114 Ill.App.3d at 611, 70 Ill.Dec. at 324, 449 N.E.2d at 198; *Del*

*Bianco,* 73 Ill.App.3d at 749, 29 Ill.Dec. at 569, 392 N.E.2d at 126. And a retaliatory discharge action, unquestionably a tort action, does arise out of the contractual employer/employee relationship. The defendant, however, argues otherwise, noting that the tort of retaliatory discharge is wholly separate and independent from any underlying breach of contract and claiming that an at-will employment relationship is not contractual, since either side can terminate the relationship without incurring liability for breach of contract.

This contention is without merit. First, the Illinois Supreme Court itself has referred to an at-will relationship as an "employment contract." *See Kelsay,* 74 Ill.2d at 179, 23 Ill.Dec. at 562, 384 N.E.2d at 356. Moreover, the mere fact that either party can terminate an at-will employment relationship does not mean that a contractual relationship, with its attendant obligations and benefits, does not exist: the employer, for example, is obligated to compensate the employee at the contracted price for work performed, and the employee in turn is obligated to work for the compensation received. In essence, an at-will employment relationship is a contract whose terms include the right to terminate at will. *Cf. LaRocco v. Bakwin,* 108 Ill.App.3d 723, 729, 64 Ill.Dec. 286, 290–91, 439 N.E.2d 537, 541–42 (1982) (right of client to terminate attorney at will is implied term of contract).

Finally, the existence of a relationship fully enforceable as a contract is not a prerequisite to section 13–205's application. For example, section 13–205 encompasses actions for intentional interference with advantageous or contractual relations. *See, e.g., Johnson v. Lincoln Christian College,* 150 Ill.App.3d 733, 748, 103 Ill.Dec. 842, 852, 501 N.E.2d 1380, 1390 (1986), *appeal denied,* 114 Ill.2d 546, 108 Ill.Dec. 418, 508 N.E.2d 729 (1987); *Brainerd v. Flannery,* 56 Ill.App.3d 991, 996, 14 Ill.Dec. 895, 898, 373 N.E.2d 26, 29, *cert. denied,* 439 U.S. 983, 99 S.Ct. 573, 58 L.Ed.2d 654 (1978). *But see Feng v. Sandrik,* 636

---

**5.** *But cf. supra* note 4.

F.Supp. 77, 84 (N.D.Ill.1986) (§ 13–202 applies). And the plaintiff has a viable cause of action even when his contractual relationship was at will:

> The relationship or agreement need not be enforceable by plaintiff as a contract; rather, it is the interference with the relation which creates the actionable tort....
>
> ... [C]ontracts terminable at will ... are actionable "since until it is terminated the contract is a subsisting relation, of value to plaintiff, and presumably to continue in effect."

*Kemper v. Worcester*, 106 Ill.App.3d 121, 124, 62 Ill.Dec. 29, 32, 435 N.E.2d 827, 830 (1982) (*quoting Prosser on Torts* § 129, at 933 (4th ed. 1971)); *see, e.g., Resudek v. Sberna*, 132 Ill.App.3d 783, 790, 87 Ill.Dec. 663, 668, 477 N.E.2d 789, 794 (1985); *Getschow v. Commonwealth Edison Co.*, 111 Ill.App.3d 522, 529–30, 67 Ill.Dec. 343, 348, 444 N.E.2d 579, 584 (1982), *aff'd in part, rev'd in part on other grounds*, 99 Ill.2d 528, 77 Ill.Dec. 83, 459 N.E.2d 1332 (1984) (per curiam). Accordingly, since the tort of retaliatory discharge "arises out of a contractual relationship," it is governed by section 13–205's five-year statute of limitations.

### D. The Defendant's Response

Given that the two-year limitations period is confined to actions for direct physical injuries, and that the five-year limitations period applies to torts, such as retaliatory discharge, that arise out of contractual relationships, the court concludes that there is no persuasive evidence that the Illinois Supreme Court, if faced with the issue, would disavow *Henon* and hold that retaliatory discharge actions are subject to the two-year statute of limitations. In response, the defendant puts forth two arguments—one based on a rather elaborate syllogism involving analogies to section 1983, and the other on public policy.

With respect to the syllogism, the defendant notes initially that in *Sloan v. Jasper County Community Unit School District No. 1*, 167 Ill.App.3d 867, 118 Ill.Dec. 879, 522 N.E.2d 334 (1988), the Illinois Appellate Court held that plaintiffs may recover damages for emotional distress in retaliatory discharge cases. In *Sloan* the plaintiff, a custodian of a public school district, sustained an injury at work. After the plaintiff had filed a workers' compensation claim, the defendant school district allegedly refused to renew his contract for the following year. The plaintiff responded by filing a two-count complaint in Illinois state court—in one count asserting a claim for retaliatory discharge and in another asserting a section 1983 claim. The trial court struck from both counts allegations that the plaintiff had suffered emotional distress, holding that "emotional distress" was an element of the separate tort of intentional infliction of emotional distress and therefore should have been pleaded in a separate count.

The Illinois Appellate Court reversed, holding that "[p]ain, suffering, embarrassment and humiliation are simply among the elements of damage plaintiff claims to have suffered as a result of the retaliatory discharge and violation of his constitutional rights." *Id.* at 870, 118 Ill.Dec. at 880, 522 N.E.2d at 335. The court held that damages for such injuries are available under section 1983, citing *Memphis Community School District v. Stachura*, 477 U.S. 299, 307, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986). "In addition," the court noted, "retaliatory discharge, like an action brought pursuant to [section 1983], is a species of tort," 167 Ill.App.3d at 870, 118 Ill.Dec. at 881, 522 N.E.2d at 336; and although the court could find no authority on point, it held that it had "no reason why the type of damages available in retaliatory discharge cases should be more limited than those available in any other tort actions," *id.* The court, therefore, held that such damages also were recoverable in a retaliatory discharge action.

The defendant, seizing upon the court's reference to section 1983, asserts that "[t]he *Sloan* court equated retaliatory discharge and Section 1983 actions for purposes of damage relief." Memorandum in Support of Motion to Dismiss at 6. The defendant correctly notes that the Supreme Court has held that section 1983 does not

contain a specific limitations period and that federal courts must look to analogous state laws to determine the applicable period. *See Wilson v. Garcia*, 471 U.S. 261, 267, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). The Court in *Wilson* held that the most appropriate analogy to section 1983, for statute-of-limitations purposes, was to personal injury actions. *Id.* at 280, 105 S.Ct. at 1949. The defendant also correctly notes that the Seventh Circuit has held, though without extended discussion, that section 13–202 should apply to section 1983 actions, since section 13–202 governs actions "for damages for an injury to the person." *See, e.g., Anton*, 787 F.2d at 1142.

The defendant next contends that in determining the appropriate limitations period for retaliatory discharge actions, courts should characterize such claims according to the type of injury sustained or the nature of the interest affected. And, according to the defendant, the best way to determine the type of injury sustained or the nature of the interest affected is to assess the type of damages available under the particular claim. The defendant then comes full circle and argues that *Sloan* equated retaliatory discharge and section 1983 actions for purposes of damages; therefore, since section 1983 actions are governed by section 13–202's two-year limitations period, so should retaliatory discharge. In addition, the defendant asserts, the plaintiff's damages claim for pain, suffering, and humiliation is "just as much a 'personal' injury as is bodily harm" and, therefore, should be governed by the same limitations period.

The defendant's argument, then, can be summed up by the following logical progression:

1. The type of damages recoverable is the best way to characterize different actions for statute-of-limitations purposes;

2. Retaliatory discharge actions are like section 1983 actions insofar as damages are concerned;

3. Section 1983 actions are governed by section 13–202's two-year statute of limitations;

4. *Ergo*, retaliatory discharge actions should be governed by the same statute of limitations—two years.

This argument, however, depends upon the accuracy of the first proposition, for which the defendant has cited no authority. Indeed, the fact that similar damages are recoverable for different torts [6] indicates that the nature of the injury, not the type of damages recoverable, determines the cause of action and, consequently, the appropriate statute of limitations. *See, e.g., Mitchell*, 58 Ill.2d at 162–63, 317 N.E.2d at 507; *Neikirk*, 128 Ill.App.3d at 1072, 84 Ill.Dec. at 262–63, 471 N.E.2d at 1028–29. Accordingly, since the defendant's first premise is flawed, the rest of the syllogism falls with it.

Finally, the defendant contends that public policy reasons militate in favor of a two-year statute of limitations for retaliatory discharge actions—specifically, that employment records are not retained for five years and that a long, five-year limitations period would have a disruptive effect on employer/employee relations.

Were this court writing on a clean slate, it would be inclined to agree; the court is aware of the public policy in favor of speedy resolutions to labor disputes and agrees that it is undesirable to keep these matters in limbo for long periods of time. But this court does not operate in a vacuum, and however legitimate the defendant's concerns may be, this court is bound by Illinois' statutes of limitations and the cases interpreting them. It is simply not the province of a federal district court to dictate matters of state public policy—especially when that would entail disregarding an Illinois Appellate Court case. These

---

**6.** For example, damages for pain and suffering are available in "personal injury" actions, slander and libel actions, and tortious misrepresentation actions. Yet the statute of limitations for slander and libel actions is one year (section 13–201); for "personal injuries," two years (section 13–202); and for tortious misrepresentation, five years (section 13–205). *See Johnson*, 624 F.Supp. at 1072.

determinations are best left to the Illinois courts and legislature.

## IV. CONCLUSION

For the foregoing reasons, the court concludes that retaliatory discharge actions are governed by section 13–205's five-year statute of limitations. Accordingly, the court denies the defendant's motion to dismiss.