**In re Calhoun THOMAS, Jr., Debtor.**

**Bankruptcy No. 96–74163–W.**

United States Bankruptcy Court,
D. South Carolina.

April 10, 1997.

---

W. Andrew Gowder, Jr., Charleston, SC, for Debtor.

1. Further references to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, shall be by section number

Richard R. Gleissner, Columbia, SC, for Movants.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER came before the Court upon three separate Motions for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362 [1] (the "Motions") as filed by Grandee R. Hardy ("Hardy"), Charles J. Prezioso ("Prezioso") and Dolores Franci ("Franci") and Cheryl Rymal ("Rymal") (collectively the "Movants") in order to continue to prosecute their State Court actions against the Debtor, Calhoun Thomas, Jr. ("Debtor" or "Thomas"). Thomas objected to the Motions on the grounds that the State Court actions should be determined by this Court in the claims objection process.

After considering all the evidence, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On June 14, 1996, Thomas filed a voluntary Chapter 11 petition. At the time of the filing of the Chapter 11 petition, there were three lawsuits pending against Thomas in State Court. Copies of the complaints in these State Court actions were attached to the three separate Motions.

Attached to Hardy's Motion is a copy of the complaint in the State Court action *Grandee R. Hardy v. Calhoun Thomas, Jr. And Yacht Cove Plantation Real Estate Corporation,* Civil Action Number 94–CP–07–1646. The causes of action included in this complaint are: Intentional Infliction of Emotional Harm—Outrage, Criminal Conspiracy, and Civil Conspiracy. All three causes of action seek monetary damages and appear to stem from the facts primarily associated with the intentional infliction of emotional harm cause of action. The complaint alleges dam-

only.

ages of severe emotional harm, damage to the reputation and relationships, mental and emotional anguish, stress and anxiety and fear for well being. The conspiracy causes of action allege that both defendants conspired to engage in the acts associated with the emotional harm and caused the emotional harm.

Attached to Prezioso's Motion is a copy of the complaint in the State Court action *Charles S. Prezioso, Jr. v. Calhoun Thomas, Jr.*, Civil Action Number 95–CP–07–14. The causes of action included in this complaint are: Intentional Infliction of Emotional Distress and Invasion of Privacy by Wrongful Intrusion/Harm. Both causes of action seek monetary damages and appear to stem from the facts primarily associated with the intentional infliction of emotional distress cause of action, including an assertion of damages for sever emotional distress and humiliation.

Attached to Franci and Rymal's Motion is a copy of the complaint in the State Court action *Dolores Franci and Cheryl Rymal v. Calhoun Thomas, Jr. And Yacht Cove Plantation Real Estate Corporation,* Civil Action Number 95–CP–07–95. The causes of action included in this complaint are: breach of contract (for each plaintiff), breach of contract accompanied by a fraudulent act, breach of implied covenant of good faith and fair dealing, breach of express contract of good faith and fair dealing, fraud, slander per se (for just Franci), unpaid wages, assault (for just Franci), battery (for just Franci) and intentional infliction of emotional distress. All of these causes of action seek monetary damages and appear to stem from the allegations primarily associated with the intentional infliction of emotional distress cause of action alleging damages for humiliation, mental pain and anguish and sleeplessness as a result of acts of sexual harassment and offensive touching by the Debtor. For the most part, the other causes of action appear to arise because of the allegation that the Debtor's actions also arose in the work environment.

All of the Movants filed proofs of claims with this Court against Thomas based upon these State Court actions. Thomas filed objections to the proofs of claims and takes the position that this Court should determine the merits of the State Court actions through the claims objection process pursuant to 28 U.S.C. § 157(b)(2)(B). The Movants take the position that these claims are personal injury claims and therefore this Court is without jurisdiction pursuant to 28 U.S.C. § 157(b)(5) to decide the merits and therefore the automatic stay should be lifted to allow the State Court to conduct the trials.

## CONCLUSIONS OF LAW

■ As it relates to the jurisdiction of this Court, as stated in Section 157 of Title 28 of the United States Code of Laws:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). Generally it is recognized that the bankruptcy courts do not have jurisdiction to decide personal injury tort claims based on state law. *Matter of Barker–Fowler Elec. Co.,* 141 B.R. 929, 939 (Bkrtcy.W.D.Mich.1992). Therefore, the first issue in consideration of these Motions is whether these claims asserted against the Debtor are "personal injury tort" claims within the meaning of 28 U.S.C. § 157(b)(5).

The federal cases dealing with the term "personal injury tort" in the context of a bankruptcy court's authority to determine the merits of actions under 28 U.S.C. § 157(b)(5) fall within two categories: those advocating a broad definition of the term and those advocating a narrow definition of the term.

As for those cases advocating a broad definition, the term "personal injury tort" is said to include a broad category of civil wrongs for which a court provides a remedy in the form of an action for damages.

The term "personal injury tort" embraces a broad category of private or civil wrongs

or injuries for which a court provides a remedy in the form of an action for damages, and includes damage to an individual's person and any invasion of personal rights, such as libel, slander and mental suffering, BLACK'S LAW DICTIONARY 707, 1335 (5th ed.1979).

... The Court, acknowledging the lack of legislative history, finds the statute and the Code silent on any repudiation or limitation of this broad reading of "personal injury tort" within the meaning of 28 U.S.C.A. § 157(b)(5). See *In re Poole Funeral Chapel, Inc.*, 63 B.R. 527, 530–532 (Bankr.N.D.Ala.1986). Accordingly, the Court construes § 157(b)(5) to encompass federal and state causes of action for all personal injury tort claims, including those exclusively commenced under §§ 1983 and 1985.

*In re Boyer*, 93 B.R. 313, 317 (Bkrtcy. N.D.N.Y.1988). In that case, the court emphasized that "... the bulk of [plaintiff's] money damages and the gravamen of his grievances appear to be based on the loss of his professional esteem, name and peace of mind." *In re Boyer*, 93 B.R. at 317, 318. Thus, under this line of cases, the causes of action in the complaints which are the subject of the instant motions would appear to fall within the broad category of private or civil wrongs that must be included in the definition of personal injury torts.

On the other hand, there are cases that advocate "that Congress intended this exception [personal injury tort claims] for a 'narrow range' of claims". See *In re Cohen*, 107 B.R. 453 (S.D.N.Y.1989) and *In re Vinci*, 108 B.R. 439 (Bkrtcy.S.D.N.Y.1989). These cases emphasize a statement in the legislative history in which Congressman Kastenmeier indicates that Congress intended this exception for a "narrow range" of claims. See, *U.S.Code Congr. & Admin. News*, 1984, at 576, 580. The narrow range is defined as those torts involving some type of trauma either physical, mental or emotional. However, at least one of this line of cases recognizes that "personal injury tort" would include a cause of action for "psychi-

atric impairment beyond mere shame and humiliation," and therefore appears itself to recognize that intentional infliction of emotional distress may fail within that "narrow range." See *In re Cohen*, 107 B.R. 453, 455 (S.D.N.Y.1989).

For the most part, in either of these approaches, the question is whether the emotional trauma is the gravamen of the complaint or merely an element of damages. Some courts following the more narrow range hold that the allegations of "consequential damages for emotional or physical distress [do] not trigger the application of 28 U.S.C. § 157(b)(5)" but if the claim for damages based upon physical and emotional complaints has been pled as a separate personal injury tort, e.g. intentional or negligent infliction of emotional distress, it falls with 28 U.S.C. § 157(b)(5). *In re Littles*, 75 B.R. 240, 242 (Bkrtcy.E.D.Pa.1987) citing *Sibley v. Fulton DeKalb Collection Service*, 677 F.2d 830 (11th Cir.1982).

Similarly, in the case of *Bertholet v. Harman*, 126 B.R. 413 (Bkrtcy.D.N.H.1991), that Court finds that "it makes sense that claims for minor emotional distress not the focus of a complaint not be transferred to the district court." *Id.* at 415. In making this finding, the court examines whether the emotional distress is the gravamen of the complaint and holds:

> I believe the better rule is that if a mental distress claim does not involve physical injury, then only if the claim is the gravamen of a complaint would § 157(b)(5) be invoked.

*Id.* at 416. Thus, that court recognizes that § 157(b)(5) is invoked for mental distress claims, such as intentional infliction of emotional distress, where the gravamen of the complaint is the mental and emotional distress.

Based upon a review of the State Court complaints attached to the Motions, this Court finds that the gravamen of the State Court complaints in this proceeding is emotional distress and fits within the defini-

tion of personal injury tort for purposes of § 157(b)(5).

Having determined that the complaints at issue fit within either the broad or the narrow definition of "personal injury tort", this Court need not choose at this time whether to formally adopt either approach. Both approaches indicate intentional infliction of emotional distress as pled in these complaints is a personal injury tort claim that is not within the jurisdiction of this Court.

■ To further support this determination, the Court also finds guidance from South Carolina state case law which broadly defines the term "personal injury." When a more narrow definition is required, South Carolina requires the use of the term "bodily injury."

The South Carolina Supreme Court has distinguished the terms "bodily injury" and "personal injury." The court held the term "bodily injuries" was much narrower than the term "personal injuries." (Citation omitted). Damages for medical expenses and loss of consortium suffered by an individual due to injuries to his or her spouse are "personal injuries" and not "bodily injuries." (Citation omitted). Injuries recoverable under the Wrongful Death Act such as pecuniary loss, mental shock and suffering, wounded feelings, grief, sorrow, and loss of society and companionship are not "bodily injuries" but are "personal injuries."

*State Farm Mutual Auto. Ins. Co. v. Ramsey,* 295 S.C. 349, 368 S.E.2d 477 (Ct.App. 1988). In *Ramsey,* the South Carolina Court of Appeal found that negligent infliction of emotional distress was both a personal injury and a bodily injury. Nevertheless, it is clear that "personal injuries" is a broadly defined term in South Carolina.

South Carolina recognized the tort of intentional infliction of emotional distress in the case of *Ford v. Hutson,* 276 S.C. 157, 276 S.E.2d 776 (1981). In defining the tort, the court states that "conduct intended to invade freedom from severe emotional distress, is

tortious." *Id.* As it relates to the tort of intentional infliction of emotional distress, the South Carolina Supreme Court has held:

intentional infliction of emotional distress, assault and battery . . . constitute personal injuries. . . .

*Loges v. Mack Trucks, Inc.,* 308 S.C. 134, 137, 417 S.E.2d 538, 540 (1992).

The State Court complaints before the Court appear to be primarily grounded upon a cause of action for intentional infliction of emotional distress and thus, under South Carolina common law, would constitute a claim for a personal injury tort.

Having found that these actions do constitute personal injury tort claims, pursuant to 28 U.S.C. § 157(b)(5), this Court is without subject matter jurisdiction to determine the merits of the claims and as there has been no removal of the State Court actions to the District Court or this Court, it appears that cause exists to lift the automatic stay to allow the State Court actions to proceed.

However, lifting the automatic stay to allow these actions to proceed in State Court does not necessarily mandate that the actions remain in State Court.

The language of Section 157(b)(5) is silent as to where an action must be filed or commenced, it merely provides that the District Court in which the bankruptcy case is pending shall determine which district court, either itself or the court in which the claims arose, shall try the case. Clearly other possibilities exist which undercut plaintiff's interpretation of the statute. What of the tort of personal injury case filed in state court prior to a debtor filing for bankruptcy? Under such circumstances the Plaintiff, after the stay is lifted, will be privileged to continue the action in the state court, or, if he chooses, to commence an action in the appropriate federal district court. If the action is renewed in the state court, the debtor has the right to remove to federal court based upon his status as a debtor under Title 11 of the United States Code. And, if the debtor

chooses to remove, plaintiff may petition the district court to do one of three things, (1) preside over the personal injury action; (2) transfer the action for resolution in the district court in which the claim arose; or (3) abstain from hearing the action in favor of the state court pursuant to 28 U.S.C. § 1334(c)(1). See *In re Littlejohn [Littleton] Colombus Hudgins,* 102 B.R. 495, 498 (Bankr.E.D.Va.1989).

This Court is convinced that, pursuant to 28 U.S.C. § 157(b)(5), these three procedural forum-selection options are the only ones available in all personal injury tort and wrongful death claims against debtors subject to bankruptcy proceedings in the District Court in which the bankruptcy case is pending.

*Stokes v. Southeast Hotel Properties,* 877 F.Supp. 986 (W.D.N.C.1994).

Therefore, based upon the requirements of 28 U.S.C. § 157(b)(5), the automatic stay shall be lifted to allow the actions to proceed in State Court. If the Movants or the Debtor choose to remove those actions to District Court pursuant to 28 U.S.C. § 1452 or Rule 9027 of the Federal Rules of Bankruptcy Procedure based upon the Debtor's status as a debtor under the Bankruptcy Code, a request should be made to the District Court to decide whether it wishes to abstain from hearing the actions in favor of the State Court pursuant to 28 U.S.C. § 1334(c)(1) or preside over the personal injury actions.

### CONCLUSION

For the reasons stated within, it is therefore,

**ORDERED,** that cause exists to grant the Motions for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362 as filed by Grandee R. Hardy, Charles J. Prezioso and Dolores Franci and Cheryl Rymal in order to continue to prosecute their State Court actions against the Debtor. These Movants however may not seek collection or satisfaction of any judgments they may receive without further leave of this Court.

**AND IT IS SO ORDERED.**