In re Richele VON VOLKMAR, Debtor.

William LEATHEM, Plaintiff,

v.

Richele VON VOLKMAR, f/k/a Richele Leathem, Defendant.

Bankruptcy No. 97 B 04583.
Adversary No. 97 A 0649.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Feb. 2, 1998.

**562**

William Leathem, Pro se.

Adam N. Stillo, Jr., Stillo & Cummings, Oakbrook Terrace, IL, for Defendant.

## *AMENDED MEMORANDUM OPINION*

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on Plaintiff's demand for a trial by jury and Defendant's denial thereof. For reasons set forth herein, the Court strikes and denies the demand as a matter of right as it applies to the equitable determination of whether Plaintiff's claims against Defendant are dischargeable under 11 U.S.C. § 523(a)(6). Because all the underlying claims which Plaintiff seeks to have liquidated are in the nature of alleged personal injuries, the Court lacks subject matter jurisdiction under 28 U.S.C. § 157(b)(5) to make such liquidation and award. Plaintiff may forthwith move to withdraw the District Court's reference of this matter under 28 U.S.C. § 157(d) in order to preserve his claimed right to have a jury assess Defendant's liability and award the damages claimed appropriate for Plaintiff's alleged personal injuries.

## I. *JURISDICTION AND PROCEDURE*

This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. The determination of the issue of whether Plaintiff's claims against Defendant are dischargeable or not under 11 U.S.C. § 523(a)(6) is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court, however, lacks subject matter jurisdiction to try or liquidate Plaintiff's personal injury claims against either the bankruptcy estate or Defendant under 28 U.S.C. § 157(b)(5).

## II. *FACTS AND BACKGROUND*

Defendant, Richele von Volkmar f/k/a Richele Leathem ("Defendant"), filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on February 14, 1997. Prior to Defendant's bankruptcy filing, Plaintiff, William Leathem ("Plaintiff"), filed two state court actions against Defendant involving various claims. Plaintiff initiated this adversary proceeding, pursuant to 11 U.S.C. § 523(a)(6), to determine dischargeability of various alleged debts based on the allegations presented in the state court actions. Because the state court actions were unresolved at the time of Defendant's bankruptcy filing, Plaintiff also seeks liquidation and awards of damages for the claims underlying his dischargeability complaint as well as the dischargeability determination.

Plaintiff's complaint includes the following allegations. Plaintiff and Defendant are former husband and wife. During the course of their marriage, the parties had two children. Defendant allegedly had threatened that she would "destroy [Plaintiff's] life and good reputation" if Plaintiff ever filed a dissolution of marriage petition (Plaintiff's Complaint, ¶ 10), which he did. Since their marital dissolution, Defendant has allegedly done exactly as she threatened. Plaintiff's complaint in this matter consists of the following six counts brought under 11 U.S.C. § 523(a)(6) and references his underlying state tort claims: (1) Count I: malicious prosecution of a criminal battery proceeding; (2) Count II: malicious prosecution of a civil proceeding for

an order of protection; (3) Count III: intentional infliction of emotional distress for false allegations of child sexual abuse and homosexuality; (4) Count IV: false light defamation relating to the prior counts; (5) Count V: tortious interference with business relationship relating to the prior counts; and (6) Count VI: defamation per se relating to the prior counts. In addition, the complaint contains a jury demand as to all counts. Among other things in her answer, Defendant denies that Plaintiff has a right to trial by jury in this Court and raises various affirmative defenses including privilege, immunity and statute of limitations.

It is the Court's opinion that the jurisdictional limits created by 28 U.S.C. § 157(b)(5) effectively preclude this Court from determining the amounts of Plaintiff's various claims for damages against the Defendant and his demand for a jury trial on those issues can only be heard in the District Court for this District pursuant to § 157(b)(5). Consequently, in light of the limited subject matter jurisdiction of the Court, this opinion need not further extensively discuss the parties' dispute over Plaintiff's claimed right to trial by jury and any related Seventh Amendment implications or application of 28 U.S.C. § 1411(a).

## III. *DISCUSSION*

### A. *Jury Trials in Dischargeability Actions*

■ In *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496 (7th Cir.1991), the Seventh Circuit addressed the issue of whether a plaintiff is entitled to a jury trial in a bankruptcy dischargeability action. After conducting the two-part inquiry mandated by the Supreme Court in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)[1], the Seventh Circuit found that historically dischargeability proceedings had been tried without juries and the relief sought was equitable in nature "since the essence of a dischargeability claim

is a declaration that a debt is indeed dischargeable or non-dischargeable." *Hallahan*, 936 F.2d at 1505. As such, the *Hallahan* court determined that there was no Seventh Amendment right to a jury trial in a dischargeability action. *Id.* This holding is controlling and must be followed by this Court.

After determining that no Seventh Amendment right to a jury trial existed on the equitable issue of whether the claim should be discharged under the Bankruptcy Code, the *Hallahan* court discussed whether 28 U.S.C. § 1411 conferred a right to a jury trial in a dischargeability proceeding. Section 1411 states as follows:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

28 U.S.C. § 1411. The dischargeability proceeding in *Hallahan* arose from a claim for a breach of covenant not to compete in a contract and, therefore, did not stem from a personal injury or wrongful death claim. The corporate plaintiff in *Hallahan* sued for injunctive relief claiming tortious interference with a business relationship. The Seventh Circuit only addressed subsection (b) of § 1411 and found that this statutory provision also did not confer the right to a jury trial in a dischargeability action. *Hallahan*, 936 F.2d at 1506–1507. Moreover, because the creditor's underlying claim in *Hallahan* was based on a contract rather than one for personal injury sounding in tort, § 157(b)(5) was neither implicated nor discussed.

In addition, bankruptcy courts did not yet possess the express authority to conduct jury trials when the Seventh Circuit decided the *Hallahan* case.[2] Therefore, the Seventh Cir-

---

**1.** The Supreme Court stated the two-part inquiry as follows: "[f]irst, we compare the statutory action to 18th-century actions brought in courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy

sought and determine whether it is legal or equitable in nature." *Granfinanciera*, 492 U.S. at 42, 109 S.Ct. at 2790 (citation omitted).

**2.** As part of the Bankruptcy Reform Act of 1994, however, Congress amended 28 U.S.C. § 157(e)

cuit also explored whether a party to a dischargeability action could move to bifurcate the dischargeability action and "order a jury trial for the related questions of liability and damages." *Hallahan*, 936 F.2d at 1507. The *Hallahan* court found this solution judicially uneconomical and stated that "it [is] preferable to allow bankruptcy courts ruling on the dischargeability of a debt to adjudicate the issues of liability and damages also." 936 F.2d at 1508. The Seventh Circuit reasoned that:

> Requiring the empaneling of a jury in bankruptcy court in the midst of the dischargeability proceedings, or perhaps referring the matter back to district court for a jury trial there, creates a cumbersome process. More importantly, however, allowing the bankruptcy judge to settle both the dischargeability of the debt and the amount of the money judgment accords with the
>
>> rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief.

*Alexander v. Hillman*, 296 U.S. [222,] 242, 56 S.Ct. 204 [211,] 80 L.Ed. 192 [ (1935) ]. Once properly before a court of equity, a party subjects himself or herself "to all the consequences that attach to an appearance[.]" *id.* at 241 [56 S.Ct. at 210]. . . .

*Id.*

### B. *Dischargeability Actions and Personal Injury Claims*

This Court has previously held that the umbrella of § 523(a)(6) can cover a variety of state tort based claims. *See Casey v. Transport Life Ins. Co. (In re Dorsey)*, 162 B.R. 150, 155 (Bankr.N.D.Ill.1993). *Dorsey* did not involve personal injuries like those asserted here and did not implicate any jury demand. Likewise, *Hallahan* did not call upon the Seventh Circuit to decide whether a party to a dischargeability action could demand a jury trial when the underlying action involved personal injury tort or wrongful death claims. Notwithstanding 28 U.S.C. § 1411's mandate that nothing in the Bankruptcy Code affects a personal injury claimant's right to trial by jury, another pertinent statutory provision of Title 28 of the United States Code limits this Court's subject matter jurisdiction over personal injury claims. Section 157(b)(5) states that "[t]he district court *shall order that personal injury tort* and wrongful death *claims shall be tried in the district court* in which the bankruptcy case is pending, *or* in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5) (emphasis added).[3]

More recently, in *Mincey v. Frederick (In re Frederick)*, the United States District Court for the Southern District of Indiana addressed a "more arduous issue" left unanswered in *Hallahan.* 133 B.R. 1008, 1009 (Bankr.S.D.Ind.1991). That court confronted whether plaintiffs had "a right to a jury trial based on the provisions of 28 U.S.C. § 1411(a) as their complaint to determine dischargeability involve[d] a personal injury claim." *Id.* at 1009–1010. The *Frederick* court noted that the plaintiffs sought "to

---

to state that "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). That omission present when *Hallahan* was decided has been filled and the United States District Court for the Northern District of Illinois has promulgated Local Bankruptcy Rule 426B by which each bankruptcy judge in the District is specially designated to conduct jury trials pursuant to 28 U.S.C. § 157(e). Significantly, none of this legislation ameliorates the limits of either § 157(b)(2)(B) or § 157(b)(5), both of which preclude the Bankruptcy Court from trying personal injury claims.

3. Section 157(b)(2)(B) of Title 28 of the United States Code also limits a bankruptcy court's jurisdiction over personal injury claims. Section 157(b)(2)(B) states that core proceedings include "allowance or disallowance of claims against the estate from property of the estate, ... *but not liquidation or estimation of contingent or unliquidated personal injury tort* or wrongful death *claims* against the estate for purposes of distribution in a case under Title 11." 28 U.S.C. § 157(b)(2)(B) (emphasis added). As the Trustee filed a No Asset Report on March 20, 1997, no distribution will be made in this case. Hence, 28 U.S.C. § 157(b)(2)(B) is not implicated here.

resolve only the issue of whether their claim is dischargeable," an "issue separate and distinct from the plaintiffs' claim for liquidation and allowance against the bankruptcy estate." *Id.* at 1010 (citing *Nickens v. Perry (In re Perry)*, 111 B.R. 861, 863 (Bankr. C.D.Cal.1990)). Therefore, the *Frederick* court reasoned, "[i]nasmuch as the relief which the plaintiffs seek arises solely under bankruptcy law and no applicable non-bankruptcy law governs or grants a right to a jury trial in the action, . . . § 1411(a) does not provide the plaintiffs a right to a jury on their dischargeability complaint." *Id.*

■ The more difficult issue than that addressed by the court in *Frederick* is squarely present here, however. That is whether a person seeking to liquidate his or her personal injury claim has a right to a jury trial and, if so, whether a bankruptcy court can preside over the trial. It seems clear that notwithstanding *Hallahan*'s judicial economy discussion and the bankruptcy court's ability to now conduct jury trials pursuant to 28 U.S.C. § 157(e), the plain language of 28 U.S.C. § 157(b)(5) flatly prohibits a bankruptcy court from adjudicating and liquidating personal injury claims even when brought within a dischargeability proceeding. *See In the Matter of Grabill Corp.*, 967 F.2d 1152, 1153 (7th Cir.1992) ("Section 157(b)(5) requires that [personal injury and wrongful death] actions be tried in the district court."); *Pettibone Corp. v. Easley*, 935 F.2d 120, 123 (7th Cir.1991) ("Congress required bankruptcy judges to transfer personal injury claims to district judges" when it enacted 28 U.S.C. § 157(b)(5).); Roger S. Braugh, Jr., *Personal Injury and Wrongful Death Claims in Bankruptcy: The Case for Abstention*, 47 Baylor L.Rev. 151, 153 (1995) ("The provisions of § 157 make one thing apparent: bankruptcy judges cannot try personal injury or wrongful death suits."). As the First Circuit explained in *Adams v. Cumberland Farms Inc.*, No. 95–1736, 1996 WL 228567, at *3 (1st Cir. May 7, 1996), *cert. denied,*—— U.S. ——, 117 S.Ct. 387, 136 L.Ed.2d 303 (1996):

> Th[e] special status [afforded personal injury and wrongful death claims] apparently stems from Congress's recognition that most personal injury tort and wrongful death victims stand in a somewhat different relationship with the bankruptcy debtor because they did not voluntarily enter into dealings with the debtor (and accept the risk of loss) in the same sense as traditional bankruptcy claimants.

*Id.* (citation omitted).

Therefore, if this Court determines that the tort claims underlying Plaintiff's dischargeability complaint are personal injury in nature, this matter must be transmitted back to the District Court for a complete adjudication and liquidation of the damages claimed by Plaintiff for which he seeks to hold the Defendant liable.

## C. *Personal Injury Tort Claims*

■ What constitutes a "personal injury tort" claim for purposes of 28 U.S.C. § 157(b)(5) has relatively rarely been the subject of debate among courts. There does not appear to be a clear direction from the Seventh Circuit as to what is exactly encompassed within a personal injury claim for purposes of § 157(b)(5), notwithstanding *Grabill.* Not surprisingly, some courts have narrowly interpreted "personal injury tort" while others have applied a broader definition. *Compare In re Atron Inc. of Michigan*, 172 B.R. 541 (Bankr.W.D.Mich.1994) *with Hansen v. Borough of Seaside Park (In re Hansen)*, 164 B.R. 482 (D.N.J.1994). *See also In re Thomas*, 211 B.R. 838, 840 (Bankr. D.S.C.1997) ("The federal cases dealing with the term 'personal injury tort' in the context of a bankruptcy court's authority to determine the merits of actions under 28 U.S.C. § 157(b)(5) fall within two categories: those advocating a broad definition of the term and those advocating a narrow definition of the term."). "The plain language of . . . [§ 157(b)(5) ] provides little guidance on how to resolve this question [of interpretation] and the legislative history is similarly obscure." *Atron*, 172 B.R. at 543. As shown below, however, this Court concludes that Plaintiff's claims sound in "personal injury tort" under either a narrow or broad definition of the term.

An obvious and easily applied definition of "personal injury tort" is one which only in-

cludes physical bodily injury. Certain courts narrowly defining the term "personal injury tort" have insisted that "a tort without trauma or bodily injury is not within the statutory exception for a personal injury tort" under § 157. *Vinci v. Town of Carmel (In re Vinci)*, 108 B.R. 439, 442 (Bankr.S.D.N.Y. 1989) (citing *Perino v. Cohen (In re Cohen)*, 107 B.R. 453 (S.D.N.Y.1989)). These courts cite "a slip and fall[] or a psychiatric impairment beyond mere shame and humiliation" as examples of the "traditional, plain-meaning sense of" the term "personal injury tort." *Cohen*, 107 B.R. at 455. *See also Atron*, 172 B.R. at 544. While still narrowly interpreting the term, at least one court announced what it believed it to be a "better rule ... that if a mental distress claim does not involve physical injury, then only if the claim is the gravamen of a complaint would § 157(b)(5) be invoked." *Bertholet v. Harman*, 126 B.R. 413, 416 (Bankr.D.N.H.1991).

Broadly defined, however, the term "personal injury" encompasses "any injury which is an invasion of personal rights, and in this signification it may include such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment, and mental suffering." BLACK'S LAW DICTIONARY 786 (6th ed.1990); *In re Webb*, 210 B.R. 266, 271–272 (Bankr.E.D.Va.), *aff'd, King v. Webb (In re Webb)*, 214 B.R. 553 (E.D.Va.1997); *Boyer v. Balanoff (In re Boyer)*, 93 B.R. 313, 317 (Bankr.N.D.N.Y.1988). *See also Anthony v. Baker (In re Baker)*, 86 B.R. 234, 236 (D.Colo.1988) (stating without any discussion that malicious prosecution is a personal injury tort); *Littles v. Lieberman (In re Littles)*, 75 B.R. 240, 242 (Bankr. E.D.Pa.1987) (citing intentional or negligent infliction of emotional distress as examples of personal injury torts and stating that § 157(b)(5) is "limited to those torts or causes of action which require proof of damage as an element of the underlying cause of action"). Certainly Congress could have used the term "personal bodily injury" if it wished to specifically limit personal injury tort claims. *See In the Matter of Poole Funeral Chapel, Inc.*, 63 B.R. 527, 530 (Bankr.N.D.Ala.1986). In addition, it is arguable that the "traditional, plain-meaning" sense of the term distinguishes between personal injuries, including both bodily and psychiatric harm, as opposed to property damage.

■ Although this Court concludes that the better view is that the term "personal injury tort" is not limited only to physical bodily harm, Plaintiff's complaint alleges personal injury tort claims no matter how the term is defined. Plaintiff alleges in each count of the complaint at bar that Defendant's actions caused him to:

> suffer great anxiety and pain of body and mind, and [he] continues to suffer the same today, in that Plaintiff did and continues to suffer from (a) the stress and anxiety of being subjected to arrest, trial, and possible imprisonment, (b) aggravation of a gastric disorder, (c) loss of weight, (d) loss of sleep, (e) loss of appetite, (f) hair loss, (g) nervousness, (h) an inordinate number of head aches [sic], and (i) an inordinate number of upset stomach [sic] and stomach aches.

(Plaintiff's Complaint, Count I, ¶ 32). *See also* Count II, ¶ 47; Count III, ¶ 71; Count IV, ¶ 83; Count V, ¶ 96; Count VI, ¶ 111. As such, Plaintiff's complaint asserts a plethora of physical injuries allegedly caused by Defendant's acts.

In addition to the above-listed injuries, Plaintiff also contends, among other things, that he "did and continues to suffer from" "the stress and anxiety of being subjected to [an] Emergency Order, the hearing thereon, and the possibility of being further subjected to a two-year plenary Order of protection" (Plaintiff's Complaint, ¶ 47), "the stress and anxiety of ... not being able to see or talk to his children" (Plaintiff's Complaint, ¶¶ 47, 71, 83), and "the stress and anxiety of the [State of Illinois Department of Children and Family Services] and Police investigations." (Plaintiff's Complaint, ¶ 111). At the very least, Plaintiff's allegations are well beyond claims of mere shame and humiliation. Hence, this Court concludes that all of Plaintiff's underlying claims seek recovery for personal injuries and cannot be liquidated or

tried by this Court.[4]

## IV. *CONCLUSION*

Although neither Plaintiff nor Defendant has moved the District Court to withdraw the reference of this matter, 28 U.S.C. § 157(b)(5) precludes this Court from completely adjudicating all of Plaintiff's claims. Unless Plaintiff wishes this Court at a bench trial to make only a bankruptcy dischargeability determination under 11 U.S.C. § 523(a)(6), all other issues raised in Plaintiff's complaint must be decided in the District Court. As explained above, however, Plaintiff is not entitled to a jury trial in this Court should he choose to litigate only the dischargeability determination here. Further, the Seventh Circuit clearly stated in *Hallahan* that bifurcation of a dischargeability proceeding is judicially uneconomical. 936 F.2d at 1507–1508. For these reasons, this Court strikes and denies Plaintiff's demand for a jury trial in the Bankruptcy Court, and believes the best course of action is for Plaintiff to move the District Court to withdraw the reference of this matter to this Court pursuant to 28 U.S.C. § 157(d) if liquidation of his underlying claims is desired before a jury.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

---

4. It should also be noted that this Court is likewise prohibited from resolving Defendant's affirmative defenses. *See Pettibone,* 935 F.2d at 123 ("Bankruptcy judges cannot try selected defenses in [ ] tort cases.... The whole case, including defenses of all kinds, goes off to the district judge or the state court.").