**In re Richele VON VOLKMAR, Debtor.**

**William LEATHEM, Plaintiff,**

**v.**

**Richele VON VOLKMAR f/k/a Richele Leathem, Defendant.**

**Bankruptcy No. 97 B 04583.
Adversary No. 97 A 0649.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 3, 1998.

William Leathem, Washington, DC, Pro se.

Adam N. Stillo, Jr., Stillo & Cummings, Oakbrook Terrace, IL, for Defendant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on Plaintiff's motion to alter or amend the Order, entered January 29, 1998, and Amended Memorandum Opinion, entered February 2, 1998, striking and denying Plaintiff's jury demand as a matter of right as it applied to

the equitable determination of whether Plaintiff's claims against Defendant are dischargeable under 11 U.S.C. § 523(a)(6). For reasons set forth herein, the Court hereby denies Plaintiff's Motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. The determination of the issue of whether Plaintiff's claims against Defendant are dischargeable under 11 U.S.C. § 523(a)(6) is a core proceeding under 28 U.S.C. § 157(b)(2)(I). As stated in the Court's February 2, 1998 Amended Memorandum Opinion in this matter, *Leathem v. Von Volkmar (In re Von Volkmar)*, 217 B.R. 561 (Bankr.N.D.Ill.1998), the Court lacks subject matter jurisdiction to try or liquidate Plaintiff's personal injury claims against either the bankruptcy estate or Defendant under 28 U.S.C. § 157(b)(5).

## II. FACTS AND BACKGROUND

The relevant facts of this matter have already been set forth in the Court's previous Opinion and need not be repeated here. The Court has determined that Plaintiff's complaint seeks liquidation of claims which are personal injury in nature. As such, the Court held that 28 U.S.C. § 157(b)(5)[1] precluded adjudication of Plaintiff's claims in the bankruptcy court. Plaintiff filed the motion presently before the Court within the ten-day period mandated by Federal Rule of Civil Procedure 59(e)[2]. Plaintiff argues that the Court's prior Opinion was incorrect as a matter of law and asks the Court to alter or amend its decision and find that the Court possesses "subject matter jurisdiction over Plaintiff's claims and may conduct a jury trial

as to those claims." (Plaintiff's Memorandum in Support, p. 15.) Plaintiff also asks the Court to hold that only Count III of his complaint, seeking recovery for intentional infliction of emotional distress, is subject to withdrawal to the district court under 28 U.S.C. § 157(d)[3].

## III. APPLICABLE STANDARDS

Rule 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986); *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995) (citation omitted). The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. *Moro*, 91 F.3d at 876 (citation omitted); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir.1994), *cert. denied*, 514 U.S. 1023, 115 S.Ct. 1373, 131 L.Ed.2d 228 (1995). Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (Bankr. N.D.Ill.1990) (citations omitted). The rulings of a bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus.*,

---

1. Section 157(b)(5) states that "[t]he district court *shall order that personal injury tort* and wrongful death *claims shall be tried in the district court* in which the bankruptcy case is pending, *or* in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5) (emphasis added).

2. Federal Rule of Civil Procedure 59(e), made applicable to this adversary proceeding through

Federal Rule of Bankruptcy Procedure 9023, states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e).

3. Section 157(d) states in pertinent part:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. . . .
28 U.S.C. § 157(d).

*Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *BNT Terminals*, 125 B.R. at 977. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. *See LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995).

## IV. *DISCUSSION*

### A. *Plaintiff's Withdrawal of Count III*

 Plaintiff argues that the Court incorrectly determined that all counts in his complaint sought redress for claims which are personal injury in nature except Count III entitled Intentional Infliction of Emotional Distress. Plaintiff states that Count III "will be withdrawn to the district court for a jury trial on the issues of liability and damages." (Plaintiff's Memorandum in Support, p. 2.) Plaintiff further argues that his various allegations of personal injuries in other counts are "subsumed in the separate tort claim for intentional infliction of emotional distress (Count III)." (*Id.*) As stated above, a Rule 59 motion "is not a procedural folly." *BNT Terminals*, 125 B.R. at 977. Plaintiff's present attempt to recharacterize his complaint through withdrawal of Count III does not establish that the Court's prior Opinion contained a manifest error of law. In addition, even if the Court were to accept Plaintiff's argument that removal of Count III would be sufficient to restore subject matter jurisdiction to the Court, the Seventh Circuit in *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496 (7th Cir.1991), argued against the very scenario Plaintiff suggests. Plaintiff ignores or overlooks the principal holding of *Hallahan*—dischargeability determinations under the Bankruptcy Code are essentially equitable proceedings not subject to a right to trial by jury. As the *Hallahan* court stated, "[r]equiring the empaneling of a jury in the bankruptcy court in the midst of the dischargeability proceedings, *or perhaps referring the matter back to district court for a jury trial there, creates a cumbersome process.*" *Hallahan*, 936 F.2d at 1508 (emphasis added). The Court agrees that it is most judicially economical to adjudicate all of Plaintiff's claims in one forum as they essentially arise out of the same set of facts. Although the Court finds that the reasons stated above alone require a denial of Plaintiff's motion, it will nonetheless address his other arguments.

### B. *Plaintiff's Claims as Elements of Damages*

Plaintiff argues that the Court misconstrued the allegations of his complaint by focusing on the elements of damages Plaintiff pled to support his claims. As the Court noted:

> Plaintiff alleges in each count of the complaint at bar that Defendant's actions caused him to:
>
>> suffer great anxiety and pain of body and mind, and [he] continues to suffer the same today, in that Plaintiff did and continues to suffer from (a) the stress and anxiety of being subjected to arrest, trial, and possible imprisonment, (b) aggravation of a gastric disorder, (c) loss of weight, (d) loss of sleep, (e) loss of appetite, (f) hair loss, (g) nervousness, (h) an inordinate number of head aches [sic], and (i) an inordinate number of upset stomach [sic] and stomach aches.
>
> (Plaintiff's Complaint, Count I, ¶ 32). *See also* Count II, ¶ 47; Count III, ¶ 71; Count IV, ¶ 83; Count V, ¶ 96; Count VI, ¶ 111. As such, Plaintiff's complaint asserts a plethora of physical injuries allegedly caused by Defendant's acts.

*Von Volkmar*, 217 B.R. at 566. In *Bertholet v. Harman*, one of the cases Plaintiff cites, the Bankruptcy Court for the District of New Hampshire stated:

> [I]t makes sense that claims for minor emotional distress not the focus of the complaint not be transferred to the district court. Otherwise, alleged incidental damages such as those present in this case *largely concerning economic damages* would too easily get transferred and too readily remove the jurisdiction of the court designated to try bankruptcy related issues.

126 B.R. 413, 415 (Bankr.D.N.H.1991) (emphasis added). *Bertholet* involved the alleged negligent acts of a Chapter 7 trustee in taking control of and liquidating a corporate debtor's assets. Likewise, both *Crossley v. Lieberman,* 90 B.R. 682 (E.D.Pa.1988) and *Littles v. Lieberman (In re Littles),* 75 B.R. 240 (Bankr.E.D.Pa.1987), two other cases cited by Plaintiff, involved alleged violations of the federal Fair Debt Collections Practices Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. Here, in contrast, Plaintiff's complaint contains the following Counts: (1) Count I: malicious prosecution of a criminal battery proceeding; (2) Count II: malicious prosecution of a civil proceeding for an order of protection; (3) Count III: intentional infliction of emotional distress for false allegations of child sexual abuse and homosexuality; (4) Count IV: false light defamation relating to the prior counts; (5) Count V: tortious interference with business relationship relating to the prior counts; and (6) Count VI: defamation per se relating to the prior counts. State tort theories as labeled by Plaintiff do not control on the question of whether § 157(b)(5) applies to oust this federal bankruptcy court from exercising subject matter jurisdiction to fully try and determine Plaintiff's claims. The very nature of Plaintiff's allegations and the nature of the injuries for which he claims Defendant is liable is markedly different from the nature of the allegations presented in the above-mentioned cases. Plaintiff's claims contain neither allegations of "minor emotional distress" nor "largely concern economic damages," but rather damages for the serious personal injuries he has sustained by the alleged acts of Defendant. The Court cannot ignore Plaintiff's claimed injuries alleged in each count.

Further, as Plaintiff notes, the *Bertholet* court went on to state that "the claims [before it] . . . do not rise to the level of 'psychiatric impairment' caused by wilful conduct in that regard. The claims are more in the nature of humiliation and other emotional harm which are incidental claims in this action." 126 B.R. at 416. The personal injuries allegedly caused by Defendant's conduct in this case are not merely in the nature of humiliation. For example, Plaintiff alleges

serious emotional and physical injuries as a result of Defendant's allegedly false prosecution of a criminal battery proceeding and a civil proceeding for an order of protection. Certainly "the stress and anxiety of being subjected to [an] Emergency Order, the hearing thereon, and the possibility of being further subjected to a two-year plenary Order of protection" (Plaintiff's Complaint, ¶ 47), "the stress and anxiety of . . . not being able to see or talk to his children" (Plaintiff's Complaint, ¶¶ 47, 71, 83), and "the stress and anxiety of the [State of Illinois Department of Children and Family Services] and Police investigations" (Plaintiff's Complaint, ¶ 111) are beyond mere humiliation.

To the extent that any of Plaintiff's injuries might be considered incidental under decisions of courts not binding on this Court, however, the Court simply does not agree that in this case Plaintiff's claims are not personal injury in nature for purposes of § 157(b)(5). The decision of *Lang v. Lang (In re Lang),* 166 B.R. 964 (D.Utah 1994), also cited by Plaintiff, further highlights the personal injury nature of Plaintiff's claims. Whereas the *Lang* court determined that the plaintiff in that case had fundamentally stated allegations of fraud, here, Plaintiff's complaint fundamentally alleges that Defendant engaged in a systematic plan to personally injure Plaintiff by subjecting him to meritless civil and criminal proceedings, defaming him and attempting to destroy his career by falsely prosecuting and defaming him.

## C. *Defining "Personal Injury Torts"*

In the previous Opinion issued in this case, the Court specifically rejected limiting the term "personal injury tort" to physical bodily harm. *Von Volkmar,* 217 B.R. at 566–67. The Court noted that "Congress could have used the term 'personal bodily injury' if it wished to specifically limit personal injury tort claims. . . . In addition, it is arguable that the 'traditional, plain-meaning' sense of the term distinguishes between personal injuries, including both bodily and psychiatric harm, as opposed to property damage." *Id.* (citations omitted). Plaintiff cites *Berghoff v. R.J. · Frisby Mfg. Co.,* 720 F.Supp. 649

(N.D.Ill.1989) and argues that based on Illinois law, the Court should not embrace a broad definition of "personal injury tort."

■ In *Berghoff*[4], the District Court for the Northern District of Illinois stated that "Illinois courts uniformly have interpreted the phrase 'injury to the person' in ... [the Illinois two year personal injury statute of limitations] as applying only to direct physical injuries." 720 F.Supp. at 652. The *Berghoff* case does not persuade the Court to reconsider its decision for two reasons. First, *Berghoff* did not explore whether claims such as those presented in Plaintiff's complaint are personal injury torts for purposes of § 157(b)(5). Instead, that case addressed the "sole issue ... [of] which [Illinois statute of] limitations period governs an action for retaliatory discharge." *Id.* at 651. Second, even if the Court were to assume that the analysis presented in *Berghoff* is applicable to the case at bar, the *Berghoff* decision does not undermine the Court's conclusion.

The *Berghoff* court looked at two Illinois statutes of limitations located within Chapter 735 of the Illinois Compiled Statutes: § 5/13–202, "which governs the limitations period for an 'injury to the person;'" and § 5/13–205, "which provides the limitations period for, among other things, 'all civil actions not otherwise provided for.'"[5] *Id.* Section 5/13–202 states in pertinent part:

> § 13–202. Personal injury—Penalty. Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversion ... shall be commenced within two years next after the cause of action accrued....

735 ILCS § 5/13–202 (1992). The *Berghoff* court noted:

[C]ourts [limiting the phrase "injury to the person" only to direct physical injuries] reason that since torts such as false imprisonment and malicious prosecution are listed separately in the same statute, they are not encompassed by the phrase "injury to the person".... "Thus actions to recover damages for slander and libel, false imprisonment, malicious prosecution, abduction, seduction and criminal conversation, are expressly provided for, showing the clear intent of the legislature to limit 'injuries to the person' to those of a physical nature."

*Id.* at 653 (quoting *Bassett v. Bassett,* 20 Ill.App. 543, 548 (4th Dist.1886)).

■ Although Illinois courts have concluded that malicious prosecution is not an "injury to the person," malicious prosecution is listed under the general category of "Personal injury" in § 5/13–202. Hence, a claim which is personal injury in nature need not involve a direct physical injury. Further, simply because a certain tort is not listed under § 5/13–202 does not mean it is not personal injury in nature for purposes of § 157(b)(5). As the Seventh Circuit stated, "contrary to its express language, section 13–202 does not extend to all personal injury claims." *Smith v. National Health Care Servs. of Peoria,* 934 F.2d 95, 97 (7th Cir. 1991). Moreover, Illinois case law relating to its various statutes of limitations is inapposite to the federal subject matter jurisdictional limits drawn by § 157(b)(5).

■ As the Court previously stated, Plaintiff's complaint must be withdrawn to the District Court for determination of Defendant's liability and the amount of damages to be awarded Plaintiff on all counts of his complaint under § 157(b)(5), even under a narrow definition of "personal injury." The United States District Court for the Southern District of New York, when narrowly construing "personal injury tort," stated that

---

4. The Court notes that it is not bound by this decision. "Under the doctrine of stare decises, bankruptcy judges are not governed by decisions of individual district judges in multi-judge districts not before the bankruptcy judge." *Volpert v. Ellis (In re Volpert),* 177 B.R. 81, 85 (Bankr. N.D.Ill.1995), *aff'd,* 186 B.R. 240 (N.D.Ill.), *aff'd,* 110 F.3d 494 (7th Cir.1997). *See also City of Olathe v. KAR Dev. Assocs., L.P. (In re KAR Dev.*

*Assocs., L.P.),* 180 B.R. 629, 640 (D.Kan.1995) (collecting cases).

5. These two sections are formerly known, and referred to in *Berghoff,* as Chapter 110 of the Illinois Revised Statutes ¶¶ 13–202 and 13–205, respectively.

"a psychiatric impairment beyond mere shame and humiliation" is encompassed by "the traditional, plain meaning sense" of that term. *Perino v. Cohen (In re Cohen),* 107 B.R. 453, 455 (S.D.N.Y.1989). Plaintiff's allegations of various physical and psychiatric trauma go far beyond "mere shame and humiliation." The Court can think of few things more traumatic than the stress emanating from being prevented from seeing one's own children and falsely accused of sexually molesting a child. Likewise, the gravamen of Plaintiff's complaint involves severe mental and physical injuries allegedly caused by Defendant's acts. *See Bertholet,* 126 B.R. at 416 ("[I]f a mental distress does not involve physical injury, then only if the claim is the gravamen of the complaint would § 157(b)(5) be invoked.").

The United States Bankruptcy Court for the District of South Carolina confronted a situation similar to the matter presently before this Court where it "determined that the complaints at issue fit within either the broad or the narrow definition of 'personal injury tort' " and concluded that it was "without subject matter jurisdiction to determine the merits of the claims." *In re Thomas,* 211 B.R. 838, 842 (Bankr.D.S.C.1997). In *Thomas,* the court confronted three state court lawsuits pending against a Chapter 11 debtor at the time of the bankruptcy filing. The state court plaintiffs all moved to modify the automatic stay to proceed with their lawsuits in state court and the debtor objected "on the grounds that the State Court actions should be determined by [the bankruptcy court] in the claims objection process." *Id.* at 839. In each state court complaint, the plaintiffs alleged various causes of action in addition to the cause of action of intentional infliction of emotional distress.[6] For each complaint, however, the court found that the various causes of action sought "monetary damages and appear[ed] to stem from the facts primarily associated with the intentional infliction of emotional distress cause of

action." *Id.* at 839 and 840. The *Thomas* court, therefore, concluded "that the gravamen of the State Court complaints in [that] proceeding is emotional distress and fits within the definition of personal injury tort for purposes of § 157(b)(5)." *Id.* at 841–42. Here, too, all of Plaintiff's causes of action stem from the facts primarily associated with the intentional infliction of emotional distress cause of action.

In addition, Plaintiff's claims all arise out of the same related set of facts. Even if the Court were to accept Plaintiff's arguments that only certain counts in his complaint contain personal injury claims for purposes of a § 157(b)(5) inquiry, and all personal injury allegations are subsumed by a count which Plaintiff seeks to voluntarily withdraw to the district court, the *Hallahan* case counsels against the wastefulness of this scenario. 936 F.2d at 1508. Plaintiff can either ask the Court to make only a dischargeability determination from the bench or withdraw the entire action to the district court. *Hallahan,* however, counsels against the first option as well. *Id.*

### V. CONCLUSION

Plaintiff has not shown that the Court's prior Opinion on this matter contained a manifest error of law. Therefore, the Court denies Plaintiff's motion. A Final Pretrial Order will be entered concurrently herewith, setting this matter for a bench trial beginning August 17, 1998 pursuant to the pretrial conference held February 20, 1998.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

---

**6.** The first complaint included the following causes of action: "Intentional Infliction of Emotional Harm—Outrage, Criminal Conspiracy, and Civil Conspiracy." *Id.* The second complaint included the causes of action of "Intentional Infliction of Emotional Distress and Invasion of Privacy by Wrongful Intrusion/Harm." *Id.* at 840. The third complaint included the following

causes of action: "breach of contract . . ., breach of contract accompanied by a fraudulent act, breach of implied covenant of good faith and fair dealing, breach of express contract of good faith and fair dealing, fraud, slander per se . . ., unpaid wages, assault . . ., battery . . ., and intentional infliction of emotional distress." *Id.*