Kingsley, In re                              CV-98-347-SD   06/09/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

In re: Douglas R. Kingsley

Civil No. 98-347-SD

O R D E R

This matter comes before the court on a Report &
Recommendation (R&R) of the bankruptcy judge.  The R&R was
triggered by a motion of the Chapter 7 Trustee to withdraw a
reference of a motion to compromise claims of certain creditors.[1]

No objection was filed in the bankruptcy court to the motion
to withdraw the reference.  Additionally, no objection has been
filed in this court to the R&R of the bankruptcy judge.

1.  Background

The relevant creditors, Brenda Y. Connor, Patrick S. Connor,
Melanie F. Connor, James A. Connor, and Doreen F. Connor
(hereinafter "Creditors Connor"), have filed proofs of claim for
breach of contract and unliquidated personal injuries of alleged

_____

[1]Although bankruptcy courts lack jurisdiction to hear a
motion for withdrawal of reference, see 28 U.S.C. § 157(d), it is
not uncommon for them to make recommendations to the district
court as to whether this should be done. Matter of Vicars Ins.
Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996).

intentional and negligent infliction of emotional distress and outrage for alleged pre-petition acts by the debtor. The bankruptcy judge granted the trustee's motion to intervene as party-plaintiff in place of the debtor, and also approved the trustee's stipulation to settle Brenda Y. Connor's claim for breach of contract.

Subsequently, the trustee and the remaining Creditors Connor filed a joint stipulation to approve the pending claims of such creditors.[2] The debtor objected and filed a motion to intervene, to which the trustee and Doreen F. Connor objected. Thereafter, the Creditors Connor moved for a protective order and an order of disclosure pursuant to 5 U.S.C. § 552a(b)(11),[3] and the debtor objected.

---

[2]It appears that Brenda Y. Connor and debtor had entered into a purchase & sale agreement for the sale of certain property in Henniker, New Hampshire. When debtor failed to perform under the terms thereof, Brenda Y. Connor obtained a judgment for specific performance from the Merrimack County Superior Court. Thereafter, that court issued orders for payment of consequential damages, and attachments of debtor's property were also issued.
Following the state court proceedings, certain letters containing death threats were sent to the Creditors Connor, and Doreen Connor was the victim of libelous sexual letters which were given a wide distribution. Believing that these documents were the work of debtor, the Creditors Connor filed proofs of claim in this bankruptcy proceeding, and eventually sought compromise of their claims with the trustee.

[3]5 U.S.C. § 552a(b)(11) governs disclosure of records kept by governmental agencies and provides for disclosure thereof "pursuant to the order of a court of competent jurisdiction."

The bankruptcy judge ordered the trustee to file a motion to withdraw the reference by this court concerning the motion to approve compromise and all related motions. As above indicated, that was done, and the bankruptcy court then issued its R&R in which the recommendation was made that the court approve withdrawal of such reference.

## 2. Discussion

The relevant provisions of the Bankruptcy Code except from the definition of "core proceedings" "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate." 28 U.S.C. § 157(b)(2)(B). See also 28 U.S.C. § 157(b)(2)(O).[4] Accordingly, the statute further provides that "the district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5).

Under 28 U.S.C. § 157(d), a "district court may withdraw . . . any case or proceeding referred [to the bankruptcy court]

_____

[4] 28 U.S.C. § 157(b)(2)(O) also excepts from the catch-all provisions of "core proceedings" "personal injury tort or wrongful death claims."

3

on its own motion or on a timely motion of any party, for cause shown." In evaluating whether cause exists for withdrawal, the court must first determine whether the matter before it is core or non-core. Following this determination, the court examines numerous factors, including whether withdrawal will (1) promote uniformity of bankruptcy administration; (2) reduce forum shopping and confusion; (3) foster the economical use of debtors' and creditors' resources; and (4) expedite the bankruptcy process; and (5) whether a right to jury trial, triable only in the district court, exists. 9 COLLIER'S ON BANKRUPTCY § 5011.01[1][b] at 5011-6, 7 (15th ed. rev. Matthew Bender 1997); In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996); In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994). Generally, however, if there is a right to jury trial, but the parties do not consent to jury trial before the bankruptcy court, cause exists. COLLIER'S, supra at 5011-7.

Clearly, the unliquidated claims of the Creditors Connor here are claims for personal injury tort, which are claims that should be tried before a jury.[5] Accordingly, the R&R must be and

---

[5]Emotional distress, whether intentionally or negligently caused, falls within the definition of "personal injury tort" of 28 U.S.C. § 157(b)(5). In re Thomas, 211 B.R. 838, 840-41 (Bankr. D.S.C. 1997).

4

is herewith accepted, and the referral is withdrawn from the bankruptcy proceedings concerning the unliquidated claims of Creditors Connor.

The court judicially notes that the Creditors Connor have now filed a separate complaint as against the trustee and debtor, which complaint seeks recovery of the damages initially sought in these bankruptcy proceedings. See 98-285-JD, Connor, et al v. Schreiber, et al. The filing of this latter proceeding renders moot any further action by this court on the pending motions and objections in these bankruptcy proceedings, which include the debtor's objection to proof of claim (file no. 57);[6] Creditors Connor's Motion for Order of Disclosure to the United States Pursuant to 5 U.S.C. § 552a(b)(11) (file no. 121); Joint Motion of Trustee and Creditors Connor to Approve Stipulation [with Exhibit A] (file no. 107); Motion of Creditors Connor for Filing of a Protective Order (file no. 120); and Debtor's Motion to Intervene Relative to the Claims of Creditors Connor (file no. 113).

This ruling of mootness is without prejudice to the rights of the respective parties in Civ. No. 98-285-JD to file such relevant requests for relief as they deem necessary in support of

---

[6]The reference to the term "file no." is to the number given the relevant document in the bankruptcy court.

their respective positions in that litigation.  The clerk of this court shall enter judgment in the instant civil action in accordance with the findings of this order.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 9, 1998
cc:  Victor W. Dahar, Jr., Esq.
     Randall L. Pratt, Esq.
     George Vannah, Clerk, US Bankr. Ct.